IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | Criminal No. 2:19-cr-173 - 37 |
| v. | Hon. William S. Stickman IV |
| MARTEL YATES, | |
| *Defendant.* | |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Pending before the Court is Defendant Martel Yates' Motion to Revoke or Amend Detention Order (ECF No. 1593), which is a notice of appeal, pursuant to 18 U.S.C. § 3145(a)(1), of the Order of Detention Pending Trial issued by United States Magistrate Judge Lisa Lupo Lenihan on July 7, 2020. The Court has undertaken a *de novo* review of the transcript from the detention hearing, the parties' pleadings and arguments, the evidence presented by the parties, and the entire record. After careful consideration, the Court DENIES Yates' appeal. It AFFIRMS Magistrate Judge Lisa Pupo Lenihan's July 7, 2020 Order of Detention (ECF No. 1563). Yates will remain detained pending trial.

## PROCEDURAL HISTORY

A federal grand jury returned a seventeen count Indictment in this case on June 18, 2019. (ECF No. 5). The Government sought Yates' detention, and a detention hearing was scheduled for June 15, 2019. (ECF Nos. 86 and 94). At the hearing, Yates waived his right to a hearing, and United States Magistrate Judge Cynthia Reed Eddy granted the Government's request for detention. (ECF Nos. 353 and 354).

1

On June 15, 2020, Yates was charged by Superseding Indictment with Conspiracy to Distribute and Possess With Intent to Distribute Schedule I and II Controlled Substances from in and around January 2018 through in and around June 2019 in violation of 21 U.S.C. § 846. (ECF No. 1369). On June 29, 2020, Yates filed a Motion for Detention Hearing. (ECF No. 1525).

A detention hearing occurred on July 7, 2020, before Magistrate Judge Lenihan. She found that a rebuttable presumption arose under 18 U.S.C. § 3142(e)(3) and that Yates had not introduced sufficient evidence to rebut the presumption. (ECF No. 1563). It was Magistrate Judge Lenihan's conclusion that clear and convincing evidence existed that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. In addition to the findings made on the record, Magistrate Judge Lenihan's reasons for detention included the following: the weight of the evidence against Yates is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his lack of stable employment; and, his prior violations of probation, parole or supervised release. (ECF No. 1563).

Yates appealed the detention order seeking *de novo* review under 18 U.S.C. § 3145. (ECF No. 1593). A hearing has not been requested, and the Court finds it unnecessary. It will decide the appeal on the existing record.

## STANDARD OF REVIEW

A District Judge reviews the decision of a Magistrate Judge granting or denying bail *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The Court retains the discretion to make its determination after reviewing the record developed before the Magistrate Judge or to accept additional evidence from the parties and rule on an expanded record. *See* 18 U.S.C. § 3142(f)(2)(B).

In this case, a rebuttable presumption exists under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions would reasonably assure the appearance of Yates as required and reasonably assure the safety of the community from the commission of further crimes by Yates given the grand jury's return of a Superseding Indictment charging him with a violation of the Controlled Substances Act, 21 U.S.C. § 801, *et. seq.*, for which the maximum possible sentence is 10 years' incarceration or more.   By virtue of the grand jury's return of an Indictment and Superseding Indictment, probable cause exists that Yates committed this offense.  *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

To rebut this presumption, Yates bears the burden to produce some credible evidence that he will appear and will not present a threat to the community.  *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986).[1]  Rebuttal of the initial presumption shifts the burden to the Government to demonstrate by clear and convincing evidence that Yates is a danger to the community.  *See United States v. Perry*, 788 F.2d 100, 115 (3rd Cir. 1986) ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").   In making its determination of whether there are conditions or a combination of conditions of release that will reasonably assure that Yates will appear and the safety of the community, the Court must weigh the evidence in light of the four factors set forth in 18 U.S.C. § 3142(g).  The four factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of Yates; and (4) the nature

---

[1] Even if Yates is able to satisfy his initial burden of production to rebut the presumption against release, it does not completely eliminate the presumption favoring detention from further consideration; rather, it remains a factor to be considered among those weighed by this Court.

and seriousness of the danger to any person or the community that would be posed by Yates' release.  18 U.S.C. § 3142(g).

The Court must, therefore, make the initial determination of whether Yates has proffered sufficient evidence to rebut the initial presumption against pretrial release.  If so, the Court must next determine whether the Government satisfied its burden of demonstrating by clear and convincing evidence that Yates will not appear and that he poses a threat to the community.

**ANALYSIS**

After consideration of the evidence and arguments of counsel, the Court concludes that Yates failed to rebut the initial presumption that no condition or combination of conditions would reasonably assure the safety of the community if he is released.  This alone would warrant detention.  However, the Court's examination of the materials before it leads it to the conclusion that, even if Yates had rebutted the presumption, the Government, persuaded the Court by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if Yates were to be released.  The Court agrees with the conclusion reached by Magistrate Judge Lenihan that Yates should be detained.

As to the nature and circumstances of the offenses charged and the weight of evidence, these factors favor pretrial detention.  The nature and circumstances of the offense charged is very serious.  Yates has been charged with a felony offense for his participation in a drug trafficking conspiracy.  Not discounting Yates' presumption of innocence, the weight of the evidence against him is strong in that the government presented a number of wiretap intercepts demonstrating Yates' significant role in the conspiracy to distribute and possess with intent to distribute Schedule I and II controlled substances including heroin and fentanyl.  Yates was also observed meeting

with multiple individuals on separate occasions. (ECF No. 1611, pp. 6-16, 18-19, 21-22). It is not significant to the Court that the charge against Yates does not involve a crime of violence.

Next, the Court considers Yates' "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" under § 3142(g)(3)(A). He is a lifelong resident of Pittsburgh, and his family, including his son, reside in Pittsburgh. (ECF No. 1611, p. 20). Yates has a girlfriend of four years. (ECF No. 1611, p. 20).

It is of significance to the Court that Yates has little employment history in the last four years, and that his reportable income from 2018 amounted to $1,193.90. (ECF No. 1611, pp. 17-18). No information has been provided that Yates has any legitimate means of supporting himself. (ECF No. 1611, p. 22). Added to this is the fact that Yates has a criminal history of committing drug trafficking offenses (i.e., two prior felony drug trafficking offenses). (ECF No. 1611, p. 22; ECF No. 1612, p. 10). Yates' drug trafficking convictions and pending drug trafficking offense are extremely disconcerting to the Court as is Yates' decision to commit the instant drug trafficking offense while on probation. (ECF No. 1611, p. 22). The Court accepts Magistrate Judge Lenihan's statement that Yates has been "involved in some type of drug dealing as far back as the age of 19 in 2007." (ECF No. 1611, p. 24). Furthermore, Yates has amassed seven different charges while on parole or bond for other offenses. The Court believes that supervision in the form of pretrial release, probation or parole has not previously acted as a deterrent for Yates. The Court finds little reason to accept Yates' contention that his behavior going forward would be different. Consequently, after considering all of Yates' history and characteristics, the Court finds that this factor weighs strongly against release.

The last factor for consideration by the Court involves Yates' risk of non-appearance and the seriousness of potential harm to any persons or the community. 18 U.S.C. § 3142(g). The Court does not believe that there is a risk of Yates failing to appear at further proceedings in this case. However, as to the seriousness of potential harm to any persons or the community, there is no doubt that drug trafficking poses a substantial harm of the community. *See United States v. Perry*, 788 F.2d 100, 111 (3d Cir.1986) (danger to community arises from the likelihood that the defendant will, if released, commit one of the proscribed federal offenses). *Cf. United States v. Strong*, 775 F.2d 504, 507 (3d Cir.1985) (statutory language unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community). The danger to the community is the likelihood that Yates will, if released, traffic in illicit drugs. Ultimately, the Court must predict pretrial recidivism if Yates is released pending trial. Strict conditions of release, including home confinement and electronic monitoring, cannot guarantee that Yates will no longer engage in criminal activity. Yates has failed to assuage the Court's concern about him imperiling the community, particularly considering his history of violating terms of court supervision and trafficking illegal substances while under court supervision. Hence, the last factor weighs strongly in favor of detention.

## CONCLUSION

The Court concludes that Yates had not met his burden to rebut the applicable presumption of detention under § 3142(g). Rather, the evidence leads the Court to conclude that, if released, Yates would pose a risk to the community. Even if Yates had met his burden, the Court would still find detention appropriate. The Court's probing examination of the record leads it to conclude that the Government established by clear and convincing evidence that Yates is a danger to the

community.  Pretrial detention is warranted.  The Motion to Revoke or Amend Detention (ECF

No. 1593) is denied, and the Court will enter the appropriate Order of Detention Pending Trial.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

_____July 22, 2020_____
Date

7